# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| CHESTER L. KELLER, III; SHELLIE K. REAVES; and WYNDEL HERNODON, JR., <br><br> Plaintiffs, <br><br> v. <br><br> SENTINEL OFFENDER SERVICES, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 2:15-cv-60 |

## O R D E R

This matter is before the Court on Defendant's Motion to Stay Discovery (doc. 20) and Plaintiffs' Motion for Extension of Time and for Extra Pages (doc. 21). The Court addresses each of these motions below.

### I. Defendant's Motion to Stay Discovery

Defendant filed its motion to stay on July 20, 2015, and to date Plaintiffs have made no response. Thus, the Court discerns that Plaintiffs do not oppose Defendant's motion. Defendant submits that discovery and the requirements of Local Rule 26.1 and Federal Rule 26 should be stayed until such time as the Court enters a ruling on its Motion to Dismiss (doc. 19). (Doc. 20, p. 3.) Defendant goes on to request a stay of Plaintiff's deadline to seek class certification and also requests that the deadline for any motion for class certification by Plaintiff be extended until after the Court rules on its Motion to Dismiss. (Id.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's motion and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Stay (doc. 20) is **GRANTED** and that all proceedings, including discovery, are stayed pending a ruling by the

2

Court on Defendant's Motion to Dismiss. Additionally, the deadline for Plaintiffs' to seek class certification is stayed. Plaintiffs shall have **sixty (60) days** from the date of the Order ruling on Defendant's Motion to Dismiss to file any desired motion for class certification.

IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendant's Motion, should this case remain pending before the Court, the parties are directed to meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

**II. Plaintiffs' Motion for Extension of Time and for Extra Pages**

Plaintiffs filed a consent motion on August 3, 2015, and provided that Defendant does not oppose said motion. (Doc. 21.) Plaintiffs request additional time for filing a brief in response to Defendant's Motion to Dismiss and also request leave to file said brief in excess of the twenty-six page limit imposed by Local Rule 7.1(a). After careful consideration, Plaintiffs' Motion is **GRANTED**.

THEREFORE, IT IS HEREBY ORDERED that the deadline for Plaintiffs to file their Brief in response to Defendant's Motion to Dismiss shall be extended up to and including August 14, 2015. Additionally, the page limit for Plaintiffs' Brief shall be extended by nine (9) pages for a total not to exceed thirty-five (35) pages, inclusive of the certificate of service.

**SO ORDERED**, this 6th day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA